IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Martin Lorenzana-Flores,<br>Petitioner,<br>v.<br>Pamela Bondi, et al.,<br>Respondents. | No. CV-25-04773-PHX-SHD (DMF)<br>**ORDER** |

      Petitioner filed this action challenging his immigration detention. A district court in the Central District of California recently certified a class that includes Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Rule 54(b) declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Document 94 (C.D. Cal. Dec. 18, 2025). The Court ordered Respondents to show cause why the Petition should not be granted (1) for the reasons set forth in *Echevarria v. Bondi,* 2025 WL 2821282 (D. Ariz. 2025) (determining that § 1226(a) applies in this circumstance); and/or (2) based on *Bautista*.

      Respondents' response offers nothing new and does not persuade the Court that its

initial conclusion that Petitioner is detained pursuant to § 1226 and is entitled to a bond hearing is incorrect.[1]  Accordingly, Petitioner is entitled to be released from custody or provided a bond redetermination hearing within ten days.

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.
2. Respondents must provide Petitioner a bond redetermination hearing within **ten days** or release him from custody under the same conditions that existed before him detention.
3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing him a bond hearing.
4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 2nd day of January, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

---

[1] One argument in Respondents' response indicates "[t]he *Bautista* Court has not yet ordered anything beyond declaratory relief, such as ordering bond hearings for the certified class members. It has only extended its previous finding that section 1226(a) rather than section 1225(b)(2) governs the named Plaintiff's claims to the entire class, entering a final judgment from which the Government has appealed." (Doc. 8 at 5.) The Court is troubled by the argument that after determining an individual is detained under § 1226(a) it must take the additional step of directing that a bond hearing be provided. Under § 1226(a), a bond redetermination hearing is a matter of right. *See In Re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006), *abrogated on other grounds by Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) ("Except for certain criminal and terrorist aliens whose detention is mandatory under section 236(c)(1) of the Act, the statute provides authority for the Attorney General to release aliens on bond . . . . The Attorney General has delegated this authority to the Immigration Judges." 8 C.F.R. §§ 1003.19, 1236.1 (2006).